UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN O. HAYNES, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CITY OF COLUSA, et al.,<br><br>   Defendants. | Case No. 19-cv-01002-RS<br><br>**ORDER DENYING MOTION TO DISQUALIFY** |

　　This action was filed in San Francisco Superior Court by plaintiffs Carmen O. Haynes, and her son, Gregory M. Haynes. Mr. Haynes, a member of the California Bar, appeared as counsel for his mother, as well as on his own behalf. Defendants removed the action to this court. Because Mr. Haynes has been disbarred from the Northern District of California, he was advised that he could not represent his mother in this proceeding. Although Carmen Haynes did not subsequently enter a formal appearance *in pro se*, she has signed pleadings in that capacity and therefore is deemed to be representing herself.

　　In a motion in which Carmen Haynes has not joined, Mr. Haynes seeks disqualification of the undersigned, as well as all of the other judges of the Northern District of California. Mr. Haynes' theory is that the undersigned demonstrated bias against him by dismissing his complaint in *Haynes v. Moawad*, 3:17-cv-05540-RS shortly after it was filed, pursuant to 28 U.S.C. §1915. The Ninth Circuit has recently dismissed Mr. Haynes' appeal in that matter, finding it to be frivolous.

Mr. Haynes also asserts the undersigned should be disqualified based on a friendship with Chief Judge Hamilton, who was a defendant in *Haynes v. Moawad*, and who was involved in *In re Haynes*, 10-cv-04642. Mr. Haynes further complains that the rulings in *Haynes v. Moawad*, did not address all of his arguments. He additionally makes reference to *Gillis et al v. City & County of San Francisco*, 08-cv-03871-RS, a case in which he acted as counsel for plaintiffs, and the undersigned issued rulings that were unfavorable to his clients.

Mr. Haynes further contends the entire bench of the Northern District must be disqualified. While he offers complaints only with respect to a few specific judges, he seems to be arguing that in light of the relationships among the members of the bench and/or given the proceedings in *In re Haynes*, bias may be presumed as to all the district's judges.

The disqualification motion lacks merit and is hereby denied. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a Section 144 motion timely and the affidavits legally sufficient must proceed no further, and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). The substantive test for personal bias or prejudice is identical under Sections 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under either statute recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation

omitted).

Here, Mr. Haynes has made no showing that a reasonable person would question the impartiality towards him of any of the judges of the district. His disagreement with the substance of unfavorable rulings in matters where he was counsel or a party does not equate to bias.

Mr. Haynes also suggests an inference of bias may be drawn from the fact that a prior order in this action advised defendants that they could seek a transfer for convenience to the Eastern District. That observation was made in response to a contention in defendants' notice of removal that "[u]ltimately, proper venue lies in the Eastern District of the State of California." The order noted that defendants had *waived* any objection that venue is improper in this district. *See Abordo v. Corr. Corp. of Am.*, 2011 WL 2604702, at *1 (D. Haw. June 30, 2011) ("removal constitutes a waiver of any venue objection"). As such, the ruling was in Mr. Haynes' *favor*, and cannot support any inference of bias against him. While basic venue rules might ordinarily call for this matter to be heard in Sacramento County Superior Court or the Eastern District, plaintiffs are now entitled to proceed here and the court is prepared to adjudicate the case in the ordinary course of business.

If Mr. Haynes nevertheless continues to hold the subjective belief that he will be at a disadvantage litigating in this District, he has the option of dismissing and refiling in state or federal court in Sacramento. To permit Mr. Haynes to exercise that choice, rulings on the pending motions to dismiss will be held in abeyance for at least five additional court days.

**IT IS SO ORDERED**.

Dated: July 5, 2019

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 19-cv-01002-RS

3